United States District Court
Southern District of Texas
**ENTERED**
May 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| DAVID LEON-BLANCO, §<br>    "Petitioner," §<br> §<br>v. §<br> §<br>WARDEN, EL VALLE DETENTION §<br>FACILITY, *et al.,* §<br>    "Respondents." § | Civil Action No. 1:26-cv-00344 |

## ORDER

Before the Court is Petitioner's "Petition for Temporary Restraining Order and Request for Injunctive Relief" (Dkt. No. 8) ("TRO") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 11) ("Response"). For these reasons, Petitioner's TRO (Dkt. No. 8) is hereby **DENIED**.

### I.    BACKGROUND

Petitioner, a citizen and national of Venezuela, arrived in the United States on or about December 15, 2024. Dkt. No. 11-1 at 1. Petitioner claims "he presented himself to U.S. authorities" upon entry. Dkt. No. 8 at 3. Shortly thereafter, on December 17, 2024, Petitioner was released subject to an Order of Release on Recognizance ("OSUP"). Dkt. No. 8 at 4. On February 13, 2026, immigration officials detained Petitioner and transferred him to the El Valle Detention Facility, where he remains detained. Dkt. No. 11 at 2.

Petitioner is currently in removal proceedings. *Id.* As of this Order, Petitioner is scheduled for a hearing on May 26, 2026. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited May 19, 2026).

On April 6, 2026, Petitioner filed the present TRO, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. *See generally* Dkt. No. 8. As to this theory, Respondents counter that Petitioner's detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") is lawful on statutory and constitutional grounds alike. *See* Dkt. No. 11.

## II.    LEGAL STANDARD

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

## III.    DISCUSSION

Petitioner's challenge to his detention under § 1225(b)(2) does not merit emergency relief.

To begin with, Petitioner is permissibly detained under § 1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). But *Buenrostro-Mendez* left unaddressed whether mandatory detention under § 1225(b)(2) runs afoul of Petitioner's due process rights. The Court must therefore assess whether Respondents may, consistent with the Due Process Clause of the Fifth Amendment, detain Petitioner without the opportunity for an individualized bond hearing.

First, the Court must determine the scope of Petitioner's due process rights. That inquiry implicates the entry fiction doctrine, under which certain physically present aliens are treated as though they were "detained at the border" and therefore possess only limited procedural due process protections. *See Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1440 (5th Cir. 1993).[1] If Petitioner is an "excludable alien [] stopped before entry into the United States[,]" whose "claims arise in the context of immigration[,]" the entry fiction applies, *Castro v. Cabrera*, 742 F.3d 595, 600 (5th Cir. 2014), and Petitioner is entitled only to the due process protections provided by statute. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).[2]

---

[1] Petitioner incorrectly argues that *Gisbert* is cabined to substantive due process claims and is thus inapplicable to aliens who, like him, raise procedural due process claims. Dkt. No. 8 at 9. *Gisbert* involved a challenge on both procedural and substantive due process grounds, and the Court is bound by the Fifth Circuit's view on the former, which construes the entry fiction as entitling excludable aliens "only to those due process rights as are provided by law." *Gisbert*, 988 F.2d at 1442.

[2] Other courts within this circuit have been reluctant to extend *Thuraissigiam* to cases involving aliens who, like Petitioner, challenge their "detention, not [their] deportability." *See e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685 (W.D.Tex. Sept. 22, 2025); *Raga Aleman v. Homan*, 2026 WL 752450, *at 3 (W.D. Tex. Mar. 16, 2026) (declining to apply *Thuraissigiam* in the detention context). Recognizing this distinction, the Court nonetheless finds that the principles relied on by the *Thuraissigiam* Court are not moored by context. *Thuraissigiam* draws heavily *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), which applied the entry fiction doctrine in the context of an excludable alien subject to prolonged detention. Consistent with that foundation, the Fifth Circuit has likewise invoked the entry fiction doctrine to limit the procedural due process rights of petitioners challenging detention without parole. *See Gisbert*, 988 F.2d at 1443.

Because he presented himself to immigration officials upon entry, Dkt. No. 8 at 3, Petitioner cannot be understood to have "effected [the] entry" necessary for additional due process protections to accrue. *Thuraissigiam*, 591 U.S. at 140. He is only entitled to the protections offered by statute. *Id.*

The Court finds that the § 1225(b)(2) as applied to Petitioner, likely does not violate the Due Process Clause of the Fifth Amendment. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained. . .*" (emphasis added). This language is mandatory and admits of no discretion to provide an individualized bond hearing outside the statutory scheme. Petitioner does not contend that the requisite determination was not made, nor does he plausibly allege that he is "clearly and beyond a doubt entitled to be admitted" notwithstanding the immigration officer's conclusion. Without such a showing, there is likely no due process violation.

The Court therefore finds that Petitioner has not established a substantial likelihood of success on the merits of his due process challenge. Because Petitioner likewise fails to establish a likelihood of success on his statutory claim, the Court need not address the remaining prerequisites for extraordinary relief.

## I.    CONCLUSION

For these reasons, Petitioner's TRO (Dkt. No. 8) is **DENIED**.

Signed on this 19th day of May 2026.

Rolando Olvera
United States District Judge